[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 18, 2000, the State of Connecticut initiated a child support petition on behalf of the plaintiff, Amanda L. Cahoon, against the defendant, Christopher L. Smith, requesting that the court order the defendant to provide financial and medical support for the minor child. According to the verified statement of facts attached to the petition, the defendant is the acknowledged father. The plaintiff and the defendant were neither present nor represented by counsel at any of the hearings in this matter. On May 3, 2001, the court heard testimony at which the only witness presented by the state was Dean Festa from the Department of Social Services (DSS). Festa testified regarding the procedures for acknowledgments of paternity generally and stated that he had a copy of the acknowledgment signed by the defendant. CT Page 7055-t
At issue is whether the state can proceed with a support petition filed pursuant to General Statutes § 46b-172, if the only evidence offered to prove that an acknowledgment of paternity was executed and sworn to is an uncertified photocopy, which in not otherwise authenticated. The court, Bentivegna, FSM, in a decision released on October 5, 2001, dismissed the state's petition without prejudice, excluding the proffered document as evidence and holding that the state did not prove its claim that the defendant is the legally liable parent of the child by failing to offer an authenticated copy of the acknowledgment. The state filed an appeal to the Superior Court pursuant to General Statutes § 46b-231
(n), arguing that the magistrate's decision violates federal and state statutory provisions, is clearly erroneous in view of the reliable evidence in the record as a whole and is arbitrary, capricious and characterized by an abuse of discretion. The appeal was argued on March 11, 2002.
General Statutes § 46b-231 (n) provides, in relevant part: "(1) A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section. (2) Proceedings for such an appeal shall be instituted by filing a petition . . . not later than fourteen days after filing of the final decision . . . or, if a rehearing is requested, not later than fourteen days after filing of the notice of the decision thereon. In a IV-D support case, such petitions shall be accompanied by a certification that copies of the petition have been served upon the IV-D agency . . . and all parties of record." General Statutes § 46b-231 (n)(7) provides that "[t]he Superior Court may affirm the decision of the family support magistrate, or remand the case for further proceedings . . . or reverse or modify the decision . . . if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) [i]n violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The state argues that because the acknowledgment in question was unchallenged by the defendant father, state and federal law do not permit the court to question its authenticity. The state argues that a federal mandate requires a simple civil process for paternity disputes, including "procedures under which judicial or administrative proceedings are not required or permitted to ratify an unchallenged acknowledgment of paternity." 42 U.S.C. § 666 (5)(B). This mandate has been CT Page 7055-u incorporated into Connecticut law under General Statutes § 46b-172, which provides in relevant part that "a written acknowledgment of paternity executed and sworn to by the putative father of the child . . . shall have the same force and effect as a judgment of the Superior Court. It shall be considered a legal finding of paternity without requiring or permitting judicial ratification. . . ." § 46b-172 (a) (1).
The state's witness, Festa, at the hearing of May 3, 2001, testified that he knew the general procedure for acknowledgments of paternity and that he had a photocopy of the defendant's acknowledgment, which was sought to be introduced by the state as evidence. Connecticut Code of Evidence § 9-3 addresses the authentication of public records. It provides that "the requirement of authentication as a condition precedent to admitting into evidence a record, report, statement or data compilation, in any form, is satisfied by evidence that (A) the record, report, statement or data compilation authorized by law to be recorded or filed in a public office has been recorded or filed in that public office, or (B) the record, report, statement or data compilation, purporting to be a public record, report, statement or data compilation, is from the public office where items of this nature are maintained." The commentary to this section notes that "it generally is recognized that such a record may be authenticated simply by showing that the record purports to be a public record and comes from the custody of the proper public office." See 2 C. McCormick, Evidence (5th Ed. 1999) § 224, p. 47.
Mr. Festa testified that paternity was established in this case through the execution of Vital Statistics Form 56 (VS-56): an acknowledgment of paternity, which is on record with the Department of Public Health (DPH). Magistrate Bentivegna's decision, however, focused on a number of facts in determining that the evidence was insufficient. For example, he noted that Festa offered testimony regarding the information generally contained in the acknowledgment, the types of institutions that process acknowledgments and the procedures established to generate and file the documents. Cahoon v. Smith, Superior Court, judicial district of Windham, Docket No. 64704 (October 5, 2001, Bentivegna, F.S.M.). Festa indicated that he had no personal knowledge that the original acknowledgment was filed with the DPH; he had a photocopy of the document only because it was provided to him through DSS's central office; he never compared the copy to the original. Id. In other words, he had no knowledge of the authenticating facts required to satisfy the Connecticut Code of Evidence § 9-3 (A). Furthermore, the magistrate noted that the document was not certified and therefore not "self-authenticating"; CT Page 7055-v no duplicate originals were offered and there was no testimony offered from the subscribing witness to authenticate the signature on the document. The magistrate found that there was nothing to authenticate that the document was what it purported to be. Id. He did not violate the provisions of federal or state law regarding an unchallenged acknowledgment by requiring compliance with § 9-3 (A) before admitting the document.[1]
For the reasons recited the decision of Magistrate Bentivegna is affirmed.
 ___________________, J. Potter, J.